## DEFENDANT'S DAMAGES COUNTER-BALANCE PLAINTIFF'S CLAIM.

Circuit Court of Cuyahoga County.

WILLIAM J. STANFIELD V. L. T. ROSSOW ET AL.

Decided, October 19, 1908.

*Building Contracts—Claim by Defendant for Poor Work—Form of Verdict, Indicating Balancing of Claims, Upheld.*

In an action on a building contract with cross-petition of defendant for damages resulting from poor work, a verdict in the following form will not be set aside as irregular: "We, the jury, being duly sworn, do find that there is due to the plaintiff on the claim in his petition set forth, the sum of $430, and we find that there is due to the defendants on the counter-claim set forth in their cross-petition, the sum of $430. We, therefore find a balance in favor of the defendants in the sum of $00.00."

*White, Johnson, McCaslin & Cannon,* for plaintiff in error.
*Bemis & Calfee,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Plaintiff in error was plaintiff below and brought his action against the defendants to recover the balance he claimed due him on a building contract. The defendants answered alleging that the contract had not been complied with in all its terms and claiming damages for poor work. The case was properly submitted to the jury which brought in a general verdict for the defendants, but in that verdict attempted to state the manner in which it arrived at its conclusions. The verdict reads:

"We, the jury, being duly sworn, do find that there is due to the plaintiff on the claim in his petition set forth the sum of four hundred and thirty dollars, and we find that there is due to the defendants on the counter-claim set forth in their cross-petition, the sum of four hundred and thirty dollars. We, therefore, find a balance in favor of the defendants in the sum of $00.00."

The plaintiff claims that since he is suing upon a contract he was entitled to the amount due him thereon, with interest from

the day it became due, and that defendant was entitled to a finding of a lump sum as damages, without interest, though interest might be considered in estimating said damages.

In other words, he says that the sums found due plaintiff and defendant, respectively, must be presumed to include interest upon their several demands, but that the sum found due plaintiff, being the exact balance claimed by him under his contract, without interest, is manifestly too small by about $75.

Conceding the logic of this argument, we nevertheless affirm the judgment, for it is perfectly apparent that the jury intended to determine that the defendant's damages exactly counter-balanced the plaintiff's claim, and this the evidence in the case warranted. They did not give the defendant all he claimed, any more than they did the plaintiff, but they did find, upon sufficient evidence and under a charge which is not challenged, that the defendant was not indebted to the plaintiff. This finding should not be disturbed.

Judgment affirmed.